UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Yoandy Fernandez Morales,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Aguilar, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00451-RFB-DJA<br><br>**Order** |

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") proceeding *pro se*. Before the Court are the following eight motions: Plaintiff's motion for a protective order (ECF No. 43); Plaintiff's motion to substitute a party (ECF No. 48); Plaintiff's motion for a translator and for possession of medical records (ECF No. 49); Plaintiff's motion to join a real party in interest (ECF No. 50); Plaintiff's motion for an order to produce documents for *in-camera* review (ECF No. 53); Plaintiff's motion for appointment of counsel (ECF No. 55); Plaintiff's motion for an order adding a real party in interest (ECF No. 57); and Plaintiff's motion to strike (ECF No. 60). As discussed more fully below, the Court denies each of Plaintiff's motions.

**I.  Discussion.**

　　**A.  *Plaintiff's motion for a protective order (ECF No. 43).***

Plaintiff moves for a "preliminary injunction and/or protective order." (ECF No. 43). However, his motion addresses only his request for a preliminary injunction, which is properly separately filed. (ECF No. 42). Because Plaintiff does not include any points and authorities regarding his request for a protective order or explain what relief he seeks through a protective order, the Court denies his motion for protective order (ECF No. 43) without prejudice.

### B. Plaintiff's motion to substitute party (ECF No. 48).

Plaintiff moves for the Court to substitute Defendant Gregory Martin with Martin's estate after the Attorney General's Office filed a suggestion of death for Martin. (ECF Nos. 46, 48). "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The motion for substitution must be filed "within 90 days after service of a statement noting the death." *Id.* To trigger this 90-day period, "[f]irst, a party must formally suggest the death of the party upon the record ... Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted). The Ninth Circuit has held that the party responsible for identifying the decedent's successor is the party who is in the best position to do so. *See Gilmore v. Lockard*, 936 F.3d 857, 866-67 (9th Cir. 2019). In the context of inmate litigation, this burden often lies with the state attorney general, who is "significantly better positioned" than an incarcerated *pro se* plaintiff with limited resources, to ascertain the proper successor or representative. *See id.* at 866. Shifting the onus to a *pro se* litigant may place him "at a tactical disadvantage" and "would defeat the purpose of Rule 25(a): to preserve parties' rights and causes of action when a party dies." *Id.* Hence, to trigger the 90-day deadline for filing a motion for substitution, the state attorney general must either serve the decedent's successor, or *at the very least*, identify the proper successor or representatives. *See id.* at 867.

In his motion, Plaintiff asks the Court to substitute Martin with Martin's estate. Like in *Gilmore*, where a defendant also died in the middle of litigation and the state attorney general notified the plaintiff, the AG here is in a significantly better position to identify Martin's successor than Plaintiff. This is particularly true, given that the AG represented Martin and has an existing relationship with the NDOC. *See Gilmore*, 936 F.3d at 866. Defendants' filing of a suggestion of death for Martin, without more, is insufficient under Rule 25. (ECF No. 46). *Gilmore* requires that the AG, *at a minimum*, identify Martin's successor or representatives to trigger the 90-day window. *See* 936 F.3d at 867. The Court therefore directs the AG to comply with their obligations under *Gilmore*. The AG shall have until July 12, 2023 to file either a notice

and proof of service on the successor or a declaration outlining the efforts made to locate a successor.

The Court denies Plaintiff's motion to substitute Martin with his estate (ECF No. 48) as premature.  Because the AG has not served Martin's successors or representatives, the ninety-day window in which Plaintiff must move to substitute parties has not yet started.  Additionally, at this time, there is no representative for the Court to substitute into Martin's place.  Plaintiff may move to substitute parties ninety days after the AG has served Martin's successors or representatives if the AG has been successful in doing so.

### C. *Plaintiff's motion for translator and possession of medical records (ECF No. 49).*

Plaintiff moves the Court to require the prison to provide him a translator at each of his medical appointments and to allow him to possess his medical records.  (ECF No. 49). Defendants respond that Plaintiff is seeking injunctive relief without providing points and authorities and that Plaintiff has filed items on the docket belying his requests.  (ECF No. 51). Defendants point out that Plaintiff has filed numerous pages of his medical records on the docket, demonstrating that he has a least some access to his records.  And although Plaintiff's complaint contained a disclosure stating that he had the help of another inmate drafting his complaint, none of his subsequent filings—in English—have included that disclosure.  Defendants point out that, in another case, Plaintiff filed a forty-five page, handwritten, English-language response to Defendants' motion for summary judgment within around twenty-four hours of Defendants filing their motion.  *See Morales v. Dr. Agustin*, Case No. 2:21-cv-01319-GMN-NJK at ECF No. 45. But Plaintiff did not declare that he had any help drafting the response, and given the quick turnaround, it is unlikely that he did.  Defendants assert that Plaintiff's filings cast serious doubt on his claim that he cannot understand English.  Plaintiff did not file a reply in support of his motion.

The Court denies Plaintiff's motion without prejudice.  The Court notes that Plaintiff is effectively seeking injunctive relief but, as Defendants point out, did not include points and

authorities required by Nevada Local Rule 7-2(a).[1]  Additionally, Plaintiff does not explain how or why he has been unable to access his medical records or why, given the fact that his motion and the attached grievance he submitted to the prison regarding the issue are in clear and understandable English, that he needs a translator for his medical appointments.  *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008) (explaining that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").  The Court also takes judicial notice of the response that Plaintiff filed to the defendants' motion for summary judgment in *Morales v. Dr. Agustin et al.*, Case No. 2:21-cv-01319-GMN-NJK at ECF No. 45 and the timing of that filing, which, without explanation, tends to demonstrate that Plaintiff wrote it.  The Court will thus deny Plaintiff's motion (ECF No. 49) without prejudice.  To the extent Plaintiff wishes to re-file his motion, he must explain these discrepancies and demonstrate why he is entitled to injunctive relief under the appropriate standard.

     **D.**     ***Plaintiff's motions to join real party in interest and motion to strike (ECF Nos. 50, 57, 60).***

Plaintiff moves to assign a person named Theodore Stevens 25% of any recovery Plaintiff receives in this case.  (ECF No. 50).  Plaintiff also requests to have Stevens added as a Plaintiff as

---

[1] The Court notes that Plaintiff did cite to a case to support the proposition that an uncorrected language barrier in the context of patient-doctor communications can result in an unconstitutional deficiency in medical care.  *See Anderson v. County of Kern*, 45 F.3d 1310, 1316-17 (9th Cir. 1995).  Nonetheless, Plaintiff does not explain why he is entitled to injunctive relief under the appropriate standard.  To demonstrate an entitlement to injunctive relief, a moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008)).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'"  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

a real party in interest. After Defendants did not respond to his motion, Plaintiff filed another motion to add Stevens, pointing out that Defendants' non-response constituted their consent to the Court granting the motion. (ECF No. 57). Defendants responded to Plaintiff's second motion, arguing that even an assignment of proceeds of a litigation does not mean that the assignee has standing as a real party in interest. (ECF No. 58). Defendants add that Nevada courts generally prohibit the assignment of tort claims on public policy grounds, that Plaintiff has not demonstrated that Stevens otherwise has standing, that Plaintiff has not demonstrated a valid agreement assigning the proceeds of this litigation to Stevens, and that inmate civil rights litigations are personal in nature.[2]

Plaintiff moves to strike Defendants' response, arguing that they did not respond within the required time to the first motion. (ECF No. 60). Plaintiff adds that his motion seeks to assign the proceeds of his litigation, not the claim. Defendants respond that Plaintiff's motion failed to identify any points and authorities on which it is based. (ECF No. 61).

Under Federal Rule of Civil Procedure 17(a)(1) an action must be prosecuted in the name of the real party in interest. Under Nevada law, "a meaningful legal distinction exists between assigning the rights to a tort action and assigning the proceeds from such an action." *Achrem v. Expressway Plaza Ltd. P'ship*, 112 Nev. 737, 741, 917 P.2d 447, 449 (Nev. 1996). The latter is permissible while the former is not. *Id.* As the Nevada Supreme Court explained, "[w]hen the *proceeds* of a settlement are assigned, the injured party retains control of their lawsuit and the assignee cannot pursue the action independently." *Id.*

As a preliminary matter, the Court denies Plaintiff's motion to strike Defendants' response as untimely because Defendants were not responding to Plaintiff's initial motion, but his second motion. And their response to his second motion was timely. The Court also denies Plaintiff's motions to add Stevens as a party. Plaintiff does not explain how or why Stevens is a real party in

---

[2] Defendants point out that "it appears the bargained for exchange in this case is Theodore Stevens providing legal assistance to Morales. *See* ECF No. 52 at 2. If true, that would place Theodore Stevens in criminal legal jeopardy for the unlicensed practice of law." (ECF No. 58 at 3).

1  interest to this case. Nor does Plaintiff cite any authority for his request for the Court to assign
2  the proceeds of any settlement or judgment in this matter to Stevens. As a result, even though
3  Defendants did not respond to his original motion, Plaintiff has not provided grounds on which
4  the Court can grant his requested relief. The Court denies Plaintiff's motions (ECF Nos 50, 57,
5  60).

   **E.  Plaintiff's motion to produce documents for in-camera review (ECF No. 53).**

   Plaintiff's motion for *in-camera* review is really a motion to compel Defendants to produce documents in response to Plaintiff's requests for production. (ECF No. 53). Defendants respond that Plaintiff failed to certify that he met and conferred with Defendants and failed to set forth the text of the discovery requests he issued to Defendants and how their responses were deficient. (ECF No. 54). Plaintiff replies that he is seeking documents that he asserts Defendants removed from his medial records. (ECF No. 56). He asserts that, because of his language barrier, he is reliant on jailhouse lawyers and has been unable to articulate or accurately explain what documents are missing from his medical file. He adds that Defendants' counsel sent him a letter "telling Plaintiff not to write him any more letters" such that Plaintiff did not think he could meet and confer with Defendants' counsel.

   The Court denies Plaintiff's motion to compel. It is unclear from Plaintiff's motion and reply whether he requested the documents he seeks from Defendants. Although Plaintiff asserts that certain documents are missing from his medical records—which he requested from Defendants—he must first attempt to meet and confer with Defendants to resolve the issue before coming to the Court. *See* Fed. R. Civ. P. 37(a)(1) ("the motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court intervention."). The Court notes that the letter Defendant's counsel sent Plaintiff did not tell Plaintiff not to send letters regarding meet-and-confers, but instead informed Plaintiff that his letters regarding his ability to view his medical records are not appropriately directed to Defendants' counsel but are more appropriately governed by NDOC Administrative Regulation 639.03. Additionally, while Plaintiff states that he is unable to articulate or explain what documents are missing from his

medical file because of his language barrier, the Court notes that Plaintiff's motion outlines each document he seeks in detail, requesting items like "Non-Formulary Drug Request for the date of January 5, 2023," and "Southern Desert Correctional Center Medical Consult Request for the date of December 12, 2021." (ECF No. 53 at 3). The Court thus denies Plaintiff's motion to compel (ECF No. 53) and will require Plaintiff to meet and confer with Defendants regarding his missing medical records.

### F.     *Plaintiff's motion for appointment of counsel (ECF No. 55).*

Plaintiff moves for appointment of counsel, arguing that he speaks no English and is entirely reliant on jailhouse lawyers and other inmates to write his filings, translate court documents, and to help him find his missing medical records. (ECF No. 55). Plaintiff adds that he is not allowed under prison regulations to possess his medical records and thus needs counsel to review and translate the records. A "person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor*, 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

Here, the Court does not find exceptional circumstances to grant appointment of counsel. Plaintiff's motion does not address the likelihood of success on the merits. And while Plaintiff asserts that he speaks no English and is unable to translate his medical records, as outlined more

fully above, certain of Plaintiff's filings have cast doubt on whether he speaks no English. Additionally, Plaintiff asserts that he is a licensed physician in his native country and is thus familiar with medical documents. Without more clarity about whether and how Plaintiff has been engaging in litigation without a translator, the Court does not find that Plaintiff has demonstrated an inability to articulate his claims *pro se*. This is particularly true because, even if Plaintiff is using an interpreter, Plaintiff has demonstrated an ability to successfully litigate his case with the help of others interpreting for him. The Court denies Plaintiff's motion (ECF No. 55) without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a protective order (ECF No. 43) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to substitute Defendant Martin's estate in place of Martin (ECF No. 48) is **denied without prejudice as premature.**

**IT IS FURTHER ORDERED** that the AG shall have until **July 12, 2023** to file either a notice and proof of service on Martin's successor or a declaration outlining the efforts made to locate a successor.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a translator and for possession of his medical records (ECF No. 49) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to join Stevens as a party (ECF Nos. 50, 57) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to produce documents for *in-camera review* (ECF No. 53) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 55) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' response to his motion to join Stevens (ECF No. 60) is **denied.**

DATED: June 13, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE